IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL-ZAHIR DAVID FLEMING,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-2944 |
| **WESTWOOD APARTMENTS,** *et al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Michael-Zahir David Fleming, who is proceeding without counsel, sued Westwood Apartments and its property manager, Tarshea Smith, alleging violations of the Fifth and Fourteenth Amendments to the U.S. Constitution, the Fair Housing Act, 42 U.S.C. §§ 1982 and 1983, and a state law claim of conversion. Westwood and Smith (collectively, "Westwood") move to dismiss under Rule 12(b)(6). The motion is granted. Fleming has not stated a federal claim. The Court declines to exercise supplemental jurisdiction over his remaining state law claim. Fleming's claims are dismissed without prejudice.

**I.    Background and Procedural History**

Fleming filed this complaint on October 9, 2024. ECF 1 & 1-3. In his complaint, Fleming alleges that he "is and has been a lawful tenant and/or owner of a residential unit within Westwood Apartments located at 7200 Jaywick Avenue, Fort Washington, Maryland." ECF 1-3, ¶ 6. He alleges that Westwood, acting without any authority and without compensating him, "unlawfully interfered with [his] private property rights by forcibly taking possession of, or otherwise infringing upon, [his] property without legal justification or due process." *Id.* ¶ 7. Specifically, Fleming claims that Westwood "communicated that [his] private property must be surrendered to

the state government, or else it would be forcibly removed from the premises." *Id.* Fleming does not specify what private property Westwood took. *Id.*

Fleming also alleges that Westwood has implemented and enforced a new parking policy, which "effectively deprives [him] of the ability to freely use and maintain personal property." *Id.* ¶ 8. The new policy requires Fleming and other residents to "park any vehicles miles away from the premises and commute to and from the apartment complex." *Id.* According to Fleming, the new policy "creates a severe and unreasonable hardship," because Westwood is not accessible by public transportation. *Id.* Fleming alleges that the policy "is a direct infringement on [his] rights, coercing [him] to either comply with an unlawful condition or forfeit private property without due process or just compensation." *Id.*

Next, Fleming claims that Westwood has "issu[ed] unlawful demands that [he] relinquish rights to private property and threaten[ed] to seize such property" without providing due process. *Id.* ¶ 9. Fleming alleges that Westwood's conduct has caused him severe emotional distress. *Id.* ¶ 10. He also alleges that he did not consent to Westwood's "restrictions" and that his contractual agreement with Westwood "contains no provision that requires [him] to surrender or compromise private property rights as a condition of dwelling at the Westwood Apartments complex." *Id.* ¶ 11. Still, Westwood does not identify any private property he has had to surrender or been asked to surrender.

Fleming raises six claims against Westwood: a violation of the Fifth Amendment's Takings Clause (Count One), a violation of the Fourteenth Amendment's Due Process Clause (Count Two), a violation of his Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Count Three), a violation of 42 U.S.C. § 1982 (Count Four), the Maryland tort of conversion (Count Five), and

a violation of the Fair Housing Act and its implementing regulations (Count Six). *Id.* ¶¶ 12–39. He seeks both monetary and injunctive relief. *Id.* at 9.

Westwood moved to dismiss Fleming's complaint.[1] ECF 12. Westwood asserts that Fleming has not stated a federal claim and that this Court lacks jurisdiction over his state law claim. *Id.* ¶¶ 2–5. The motion is fully briefed. ECF 12-1, 17, 22.[2] A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023).

**II.     Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and

---

[1] Fleming moved for a default judgment against Smith. ECF 18. Smith responded to the complaint by jointly filing the motion to dismiss with Westwood. ECF 12. Fleming's motion for a default judgment is denied.

[2] Fleming moved for leave to file a surreply, ECF 24, but he did not enclose his surreply with his motion. Fleming's motion for leave to file a surreply is denied. After the completion of briefing, Fleming also filed two other documents: ECF 25, "Judicial Notice and Demand for Recognition of Private Status and Constitutional Standing – On and For the Record"; and ECF 26, "Formal Challenge to the Twelve Presumptions of Law." The Court does not consider those filings because they do not address any new argument that Westwood raised in its reply. *See* Loc. R. 105.2(a); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (holding that plaintiff was not entitled to file a surreply when the defendant's reply brief raised no new arguments requiring an additional response).

the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The Court must construe Fleming's pro se complaint liberally. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff.'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Instead, the Court need only "determine the actual meaning of the words used in the complaint." *Id.* Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

### III.     Discussion

#### A.      Federal Claims

Fleming fails to state a federal claim.

#### 1.  Constitutional and § 1983 Claims

Fleming asserts Takings Clause and Due Process Clause claims and a claim under 42 U.S.C. § 1983. The Court liberally construes all three as constitutional claims brought under § 1983 for damages and injunctive relief.

Section 1983 provides a cause of action against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a constitutional violation under § 1983, the plaintiff must allege two elements: that "the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Fleming alleges that Westwood deprived him of his rights under the Takings Clause. The Takings Clause provides that "[no] private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V. As the Fourth Circuit has explained, "[t]his clause 'implicitly recognizes a governmental power' to take property for public use 'while placing limits upon that power' by requiring the government pay just compensation for any private property that it takes." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 544 (4th Cir. 2013) (quoting *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 736 (2010) (Kennedy, J., concurring in part and concurring in the judgment)). In other words, "the Takings Clause bars *the*

*State* from taking private property without paying for it, no matter which branch is the instrument of the taking." *Stop the Beach Renourishment*, 560 U.S. at 715. Thus, to state a Takings Clause claim, a plaintiff must allege state action. *See Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 490 (1987) (describing "the nature of the state action" in analyzing a takings claim); *Tancredi v. Metro. Life Ins.*, 316 F.3d 308, 312 (2d Cir. 2003) (explaining that "[a] plaintiff pressing a claim of violation of his constitutional rights," such as his rights under the Takings Clause, "is . . . required to show state action").

Fleming also alleges a violation of the Due Process Clause. The Due Process Clause provides that a State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, cl. 1. Courts have recognized procedural and substantive due process claims. Fleming seems to argue that Westwood violated his procedural due process rights by depriving him of his property "without providing adequate notice, a hearing, or any meaningful opportunity to contest the deprivation." ECF 1-3, ¶ 19. To state a procedural due process claim, a plaintiff must allege three elements: that he had "a constitutionally cognizable life, liberty, or property interest"; that "the deprivation of that interest was caused by 'some form of state action'"; and that "the procedures employed were constitutionally inadequate." *Sansotta*, 724 F.3d at 540 (quoting *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009)); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982) (noting that "the Due Process Clause protects individuals only from governmental and not from private action").

Fleming's § 1983 claims fail because he has not alleged that the deprivation of his constitutional rights is "fairly attributable to the State." *See White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 190 (4th Cir. 2022) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "The traditional definition of acting under color of state law requires that

6

the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The "color-of-law prerequisite is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips*, 572 F.3d at 180; *see also Lugar*, 457 U.S. at 929 ("[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical."). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *West*, 487 U.S. at 49 (quoting *Lugar*, 457 U.S. at 937).

Though state action generally requires action by a government official, "[s]tate action may [also] by found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The Fourth Circuit has recognized four circumstances where a private party can be treated as a state actor:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a public citizen.

*Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993).

None of these circumstances applies here. Westwood is a private, non-governmental company, and Smith is its property manager. Fleming challenges a parking policy that Westwood

and Smith created, implemented, and now enforce. Fleming has not alleged that Westwood and Smith possessed or exercised their power by virtue of state law or acted with the authority of state law. Nor has he alleged that Westwood is an entity for whom the state is responsible. As such, Fleming has failed to allege that Westwood and Smith acted under color of state law or engaged in state action when they created, implemented, and enforced the challenged parking policy.

Fleming insists Westwood is a state actor because the parking policy is "enforced under statutes designed for government regulation," ECF 17, at 10. Fleming does not identify which "statutes" provide the basis for enforcement, how they are "designed for government regulation," and why those nebulous statutes transform Westwood into a state actor. Fleming also complains that the defendants "communicated that [his] private property must be surrendered to the state government," ECF 1-3, ¶ 7, but he does not provide any details about those communications. "[T]he court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events or legal conclusions couched as factual allegations." *Jackson v. Sagal*, 370 F. Supp. 3d 592, 600 (D. Md. 2019) (first citing *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), and then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Fleming's threadbare allegations do not show that a state actor, acting pursuant to state authority, violated his constitutional rights.

Citing the Supreme Court decision in *Lugar v. Edmondson Oil*, Fleming argues that Westwood "ha[s] effectively assumed the role of a state actor." ECF 17, at 6. In *Lugar*, a truck stop operator, Lugar, was in debt to the defendant, an oil company. 457 U.S. at 924. The oil company used a prejudgment attachment procedure created by a state statute to attach Lugar's property. *Id.* The clerk issued a writ of attachment, and the sheriff executed it. *Id.* at 924–25. Lugar sued the oil company and argued that the preattachment procedure deprived him of his due process

rights. *Id.* at 925. The district court and court of appeals found that Lugar did not allege state action and dismissed the case. *Id.* The Supreme Court reversed. It held that "the procedural scheme created by the statute obviously is the product of state action" and "a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." *Id.* at 941.

*Lugar* is distinguishable from this case. In *Lugar*, the state created the procedural scheme that violated the plaintiff's rights. But here, Westwood, not the state, created the challenged parking policy. Further, Fleming has not alleged—beyond wholly conclusory allegations—how state officials have enabled Westwood to seize his property without due process or for a public use. Fleming does not allege what, if any, role state officers have in the enforcement of the parking policy.

Fleming has not adequately alleged that Westwood engaged in state action or acted under color of state law when it created, implemented, and enforced the parking policy. Fleming's constitutional claims in Counts One, Two, and Three are dismissed without prejudice.

### 2. Discrimination Claims

Fleming's remaining federal claims, a violation of 42 U.S.C. § 1982 and a violation of the Fair Housing Act ("FHA"), also fail.

Under 42 U.S.C. § 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To plead a § 1982 claim, a plaintiff must allege three elements: "(1) membership in a protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the ownership of property." *White v. City of Annapolis ex rel. City Council*, 439 F. Supp. 3d 522, 541 (D. Md. 2020)

(quoting *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004)); *see Connolly v. Lanham*, 685 F. Supp. 3d 312, 333 (D. Md. 2023) (same).

Fleming does not allege that he is a member of a protected class. Nor does he allege that Westwood was motivated by racial animus. Indeed, Fleming concedes that his complaint does not allege racial discrimination. *See* ECF 17, at 18. He argues that § 1982 "extends beyond racial discrimination to also protect all citizens from arbitrary interference with property rights." *Id.* For that proposition, Fleming cites *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968), but that is not what *Jones* held. *Jones* held that "§ 1982 bars all racial discrimination, private as well as public, in the sale or rental of property . . . ." 392 U.S. at 413. *Jones* upheld § 1982 as "a valid exercise of the power of Congress to enforce the Thirteenth Amendment." *Id.* Under § 1982, a plaintiff must allege membership in a protected class and racial animus. Because Fleming did neither, his § 1982 claim must be dismissed.

Fleming's FHA claim fails for the same reason. To state an FHA claim, the plaintiff must allege they were discriminated against because of their membership in a protected class, including "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (banning discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling"); 42 U.S.C. § 3605(a) (banning discrimination "because of race, color, religion, sex, handicap, familial status, or national origin"); *see Roberson v. Graziano*, No. WDQ-09-3038, 2010 WL 2106466, at *2 (D. Md. May 21, 2010), *aff'd*, 411 F. App'x 583 (4th Cir. 2011). Fleming does not allege that he is a member of a protected class. Thus, his FHA claim must be dismissed.

### B.     State Claims

With his federal claims dismissed, Fleming's only remaining claim is his state law conversion claim. The Court does not have original jurisdiction over Fleming's state law

conversion claim because the parties are not diverse. Under 28 U.S.C. § 1367(c)(3), "[d]istrict [c]ourts may decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction[.]" The Court has dismissed the federal claims over which it had original jurisdiction. The Court declines to exercise supplemental jurisdiction over Fleming's state law conversion claim. The Court dismisses Fleming's state law conversion claim without prejudice.[3]

### IV.   Conclusion

Westwood's motion to dismiss Fleming's complaint under Rule 12(b)(6) is granted as to the federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Fleming's state law conversion claim. All claims are dismissed without prejudice. Fleming's motion to file a surreply is denied. Fleming's motion for a default judgment is denied. A separate order follows.

Date: May 6, 2025

Deborah L. Boardman
United States District Judge

---

[3] Fleming's remaining arguments that Westwood is engaged in the unauthorized practice of law, *see* ECF 17, at 3–5, and that a federal criminal statute, 18 U.S.C. § 31, suggests that Westwood may only regulate commercial vehicles, *see* ECF 17, at 5–6, are without merit.